UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | | |
|---|---|---|
| CROW CREEK SIOUX TRIBE, and the CROW CREEK HOUSING AUTHORITY, | * * * * | CIV. 09-3021-RAL |
| Plaintiffs, | * * | |
| vs. | * * | ORDER DENYING PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS AND DENYING DEFENDANTS' FIRST MOTION TO DISMISS |
| SHAUN DONOVAN, in his capacity as the Secretary of the DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; and RODGER J. BOYD, in his capacity as Deputy Assistant Secretary for Native American Programs, | * * * * * * * * | |
| Defendants. | * | |

Plaintiffs Crow Creek Sioux Tribe ("the Tribe") and the Crow Creek Housing Authority filed and served a complaint invoking the Administrative Procedure Act, 5 U.S.C. §§ 701-706, and the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., on Defendants, Shaun Donovan, Secretary of the United States Department of Housing and Urban Development ("HUD"), and Rodger J. Boyd, Deputy Assistant Secretary for HUD Native American Programs. The complaint sought judicial review as well as declaratory, injunctive, and other relief relating to the suspension of three members of the Crow Creek Housing Authority's Board of Commissioners and the Tribe's Tribal Council.

Plaintiffs filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). For the reasons stated below, the Court denies Plaintiffs' motion for judgment on the

pleadings.

Defendants filed an initial motion to dismiss and subsequently filed a second motion to dismiss. For the reasons explained, the initial motion to dismiss is denied, and the second motion to dismiss is not yet ripe for decision.

## BACKGROUND

In March 2009, three members of the Tribal Housing Authority's Board of Commissioners were suspended by the Acting Director of HUD's Departmental Enforcement Center. According to the Notices of Suspension, the three members were suspended from participation in procurement and nonprocurement transactions "as a participant or principal with HUD and throughout the Executive Branch of the Federal Government." (Doc. 1, Exhibit C). The suspensions of the three members were based on a criminal indictment charging them with bribery and retaliation. (Id.). The guidelines which govern such a suspension by a federal agency provide that a person who is suspended by any federal agency may not "(a) Be a participant in a Federal agency transaction that is a covered transaction; or (b) Act as a principal of a person participating in one of those covered transactions." 2 C.F.R. § 180.130.

According to Plaintiffs' Complaint, HUD takes the position that the suspended three members are barred from participating in any vote to appoint their successors. (Doc. 1). The Plaintiffs allege that the suspension of the three members has left the Board of Commissioners without a quorum to do business, and thus, has made it impossible for the Board of Commissioners and the Tribal Council to make the necessary appointments to fill the vacancies of the three suspended members. (Id.).

In response to the suspension and its effects, the Tribe made a formal request for

government consultation pursuant to HUD's Government-to-Government Tribal Consultation Policy ("Policy"). (Doc. 1 at Exhibit 6). The Defendant Rodger J. Boyd, HUD's Deputy Assistant Secretary for Native American Programs, denied the request for government-to-government consultation. (Doc. 1 at Exhibit 7).

The Plaintiffs filed a complaint seeking the Court to review, invalidate, and set aside the HUD's decision to deny the Tribe's request for a government-to-government consultation. (Doc. 1). The complaint also seeks injunctive relief, asking the Court to direct and order the Defendants to reverse and vacate the suspension of the three members of the Board of Commissioners. In the alternative, the Plaintiffs ask the Court to stay HUD's action in suspending the three board members. The Plaintiffs further seek to enjoin the Defendants from re-imposing the suspension without first consulting with the Plaintiffs. (Id.).

On the same day that Plaintiffs filed a complaint, September 1, 2009, Plaintiffs filed a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Doc. 4). When the Plaintiffs filed their motion for judgment on the pleadings, the Defendants had not yet filed an answer to Plaintiffs' complaint and indeed still have not done so. On September 24, 2009, Defendants filed a motion to dismiss complaint for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5), which also sought to dismiss the Plaintiffs' motion for judgment on the pleadings, arguing that the motion was prematurely filed under Rule 12(c). (Doc. 7).

Plaintiffs argue that they are entitled to judgment on the pleadings for two reasons. First, the Plaintiffs argue that by refusing to consult with the Tribe prior to suspending the three tribal officials, HUD abused its discretion and failed to observe procedure required by HUD's Tribal Consultation Policy. (Doc. 5 at p. 8). The Plaintiffs argue that the suspension of three board members has a substantial direct effect on the Tribe, and that given the HUD's

established policy, a tribe has a justified expectation to receive a meaningful opportunity to express its views prior to such action. (Id. at p. 10).

Second, the Plaintiffs argue that they are entitled to judgment on the pleadings because, in light of the Tribe's right to self-government, HUD cannot suspend tribal officials from continuing to act as board members. (Id. at p. 15). Plaintiffs insist that only the Tribe can regulate its internal affairs, and in accordance with federal court decisions, only an act of Congress may sanction an interference with tribal self-government. (Id.). Because the HUD suspension rules originate from an executive order rather than a federal statute, the Plaintiffs argue that HUD is barred from infringing on the Tribe's right to self-government, that is, from suspending the three board members. The Plaintiffs argue in the alternative that HUD is at the least barred from preventing the three board members from participating in the voting necessary to appoint their successors. (Id.).

## DISCUSSION

A judgment on the pleadings is only proper when there are no material issues of fact to be decided, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 12(c); Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009). On a motion under Rule 12(c), a court is to accept all facts pled by the nonmoving party as true and to draw all reasonable inferences from those facts in favor of the nonmovant. See Waldron v. Boeing Co., 388 F.3d 591, 593 (8th Cir. 2004) (citing Franklin High Yield Tax-Free Income Fund v. County of Martin, 152 F.3d 736, 738 (8th Cir. 1998).

A motion for judgment on the pleadings must be made "after the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). Pleadings are closed for the purposes of Rule 12(c) when all required or permitted pleadings have been served and

filed. Doe v. United States, 419 F.3d 1058, 1061 (9th Cir. 2005); Johnson v. Dodson Public Schools, 463 F. Supp. 2d 1151, 1156 (D. Mont. 2006); see also Stands Over Bull v. Bureau of Indian Affairs, 442. F. Supp. 360, 367 (D.Mont. 1977) (pleadings are not closed until all defendants have answered).

Here, the Plaintiffs filed a Rule 12(c) motion on September 1, 2009, before the Defendant filed an answer. (Doc. 4). Defendants still have not filed an answer, but filed a Motion to Dismiss Complaint (Doc. 7) arguing that Plaintiffs failed to properly serve the Complaint. (Doc. 8). Defendants, after service was accomplished properly, filed a second motion to dismiss for lack of jurisdiction and failure to state a claim. (Doc. 4). That motion has not been fully briefed. The pleadings were not closed when the Plaintiffs filed the motion for judgment on the pleadings and still are not closed. The Court will not reach the substantive issues of the motion, that is, whether the Plaintiffs are entitled to judgment as a matter of law, because the motion was and is procedurally defective.

Therefore, it is hereby

ORDERED that Plaintiffs' motion for judgment on the pleadings (Doc. 4) is denied as premature, without prejudice to refiling such a motion following Defendants' answer. It is further

ORDERED that Defendants' initial motion to dismiss (Doc. 7) is denied as moot.

Dated December 9, 2009.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE